E-filing

BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Andrew A. August (State Bar No. 112851)
  aaugust@bgrfirm.com
Jonathan L. Gottfried (State Bar No. 282301)
  jgottfried@bgrfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
DFSB Kollective Co. Ltd.

FILED
NOV - 5 2015
SUSAN Y. SOONG
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DFSB KOLLECTIVE CO. LTD., a Korean corporation,

  Plaintiff,

vs.

CJ E&M, INC., a Korean corporation;
CJ E&M AMERICA, INC., a California corporation,

  Defendant.

Case No. CV 15 80265 MISC. HRL

**PLAINTIFF DFSB KOLLECTIVE CO. LTD'S MOTION TO COMPEL THIRD-PARTY BEATS MUSIC, LLC TO PRODUCE DOCUMENTS IN RESPONSE TO SUBPOENA**

Hearing date & time: TBD
Pretrial Conference: 2/22/2016
Trial Date: 3/1/2016

**[For case pending in the United States District Court for the Central District of California Case No. 2:15-cv-01650-SVW-FFM]**

572710.1

PLAINTIFF DFSB KOLLECTIVE CO. LTD'S MOTION TO COMPEL THIRD-PARTY BEATS MUSIC, LLC
TO PRODUCE DOCUMENTS IN RESPONSE TO SUBPOENA



**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that plaintiff DFSB Kollective Co. Ltd. will and hereby does apply to the Court for an Order on a date and time to be determined by the Court.

Pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), plaintiff moves to compel third-party Beats Music, LLC ("Beats") to produce documents in response to a subpoena served on September 16, 2015. These documents are relevant to an action pending in the Central District of California; but—weeks after the deadline for producing responsive documents—Beats continues to refuse to produce responsive documents. Consequently, the Court should compel Beats to produce documents responsive to plaintiff's subpoena within seven calendar days of the Court's order.

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Jonathan Gottfried, the files in this action, and all other matters properly presented to the Court prior to its ruling.

DATED: November 4, 2015         BROWNE GEORGE ROSS LLP
                                Keith J. Wesley
                                Andrew A. August
                                Jonathan L. Gottfried


                                By  /s/ Jonathan Gottfried
                                       Jonathan Gottfried
                                Attorneys for Plaintiff
                                DFSB Kollective Co. Ltd.

572710.1

-1-

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................1
II. BACKGROUND ON THE CASE ..........................................................................1
III. DISCOVERY IN DISPUTE ....................................................................................2
IV. ARGUMENT ..........................................................................................................6
    A. Beats' Counsel Repeatedly Procrastinated in Complying with the Subpoena. ....................................................................................................6
    B. Beats' Objections Are Meritless................................................................8
        1. Beat Incorrectly Objects That It Need Not Produce Responsive Documents Because They Can Be Obtained from a Party. ..............................................................................................8
        2. Beats Is Incorrect to Claim that the Subpoena Seeks Irrelevant Documents....................................................................9
V. CONCLUSION .....................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Haworth, Inc. v. Herman Miller, Inc.*,
   998 F.2d 975 (Fed. Cir. 1993) ................................................................................. 3, 8

*High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*,
   161 F.R.D. 86 (N.D. Cal. 1995) ..................................................................................... 3

*Moon v. SCP Pool Corp.*,
   232 F.R.D. 633 (C.D. Cal. 2005) ................................................................................ 3, 9

*Nidec Corp. v. Victor Co. of Japan*,
   249 F.R.D. 575 (N.D. Cal. 2007) ................................................................................ 3, 8

# I. INTRODUCTION

Plaintiff respectfully moves the Court to order third-party Beats Music, LLC ("Beats") to produce documents in response to a subpoena served on September 16, 2015. This case (pending in the Central District of California) involves defendants' copyright infringement and violations of the Digital Millennium Copyright Act as a result of defendants' distribution via Beats of sound recordings to which plaintiff had an exclusive license. Plaintiff's subpoena on Beats sought documents related to the distribution of the music at issue. But, after almost two months, Beats has produced only one responsive spreadsheet and twenty-five pages of objections. The parties met and conferred for several weeks, during which Beats' counsel claimed that their client was unable to identify relevant custodians and repeatedly asked plaintiff's counsel to describe what documents were being sought (even though the document requests were clearly stated in the subpoena). Moreover, Beat's counsel objected that plaintiff should pursue the same discovery from defendants even though: (1) several categories of requested documents involve internal Beats documents or communications between Beats and non-parties, and (2) for those documents that defendants may possess, plaintiff has already requested those documents from defendants (whose anemic production raises questions that can only be answered by discovery on Beats).

In order to stop Beats' incessant delays and to ensure a complete response to the subpoena, the Court should compel Beats to produce documents responsive to plaintiff's subpoena within seven calendar days of the Court's order.

# II. BACKGROUND ON THE CASE

This case, which is scheduled for trial in March, involves copyright infringement and violations of the Digital Millennium Copyright Act against CJ E&M, Inc. and CJ E&M America, Inc. ("defendants") arising from the distribution

572710.1
-1-
PLAINTIFF DFSB KOLLECTIVE CO. LTD'S MOTION TO COMPEL THIRD-PARTY BEATS MUSIC, LLC TO PRODUCE DOCUMENTS IN RESPONSE TO SUBPOENA

in the United States of Korean music by fifteen artists. (Ex. 7 ¶ 2)[1] Plaintiff alleges that, without authorization, defendants, via a third party (MediaNet), "distributed to the Beats Music service (a California-based online music service) these sound recordings," which were then made available to American consumers. *Id*. Plaintiff further alleges that defendants, via a third party (MediaNet), provided to Beats improper copyright management information, including International Standard Recording Codes and Universal Product Codes, which are unique identifiers for songs and albums. *Id.* ¶ 27. According to the Complaint, "Beats incorrectly identifies 'CJ E&M' or another Korean company, Neowiz Internet, as the owner of the copyrights for these sound recordings and the underlying works." *Id.* ¶ 28.

Because of the relevance of Beats to plaintiff's allegations against defendants, plaintiff served a subpoena on Beats for documents related to the allegations in the Complaint. These included: internal Beats documents or communications with MediaNet or defendants related to the works (identified by song title and artist) and documents regarding copyright management information for the works. (Ex. 2) Plaintiff also sought a representative to be deposed relating to these issues.[2] *Id.*

### III. DISCOVERY IN DISPUTE

As indicated below, Beats objected to every one of plaintiff's document requests.[3]

---

[1] All exhibits are attached to the accompanying Declaration of Jonathan Gottfried ("Gottfried Decl.").

[2] Plaintiff is not seeking to compel, at this time, a witness from Beats to be deposed. Instead, plaintiff will review any documents produced by Beats and determine the necessity of pursuing a deposition based on those documents. Plaintiff is not waiving its right to move to compel a witness if it determines that a deposition is necessary in light of any document production.

[3] Plaintiff's subpoena and Beats' responses are attached as Exhibits 2 and 3.

**PLAINTIFF'S DOCUMENT REQUEST NO. 1:**

All DOCUMENTS or COMMUNICATIONS relating to the WORKS.[4]

**BEATS' RESPONSE TO DOCUMENT REQUEST NO. 1:**

Repondent [*sic*] incorporates the foregoing General Objections by reference. Repondent further objects to this specific request to the extent the requested documents are attainable through party discovery, such that it would be unduly burdensome for Respondent to produce those documents. *See Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993). Here, the request necessarily demands documents that would be available to defendants to the litigation, including, but not limited to, any communications or documents shared between defendants and Repondent that would be responsive to this request. These documents are available through party discovery, and it is improper to subpoena a third party for them. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."); *see also Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("[T]hese requests all pertain to defendant, who is a party, and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from [the] nonparty."). Repondent further objects to the request for "[a]ll documents or communications" as it is vague, overbroad, and unduly burdensome and demands that Repondent make a legal determination as to what the request means and contains within its scope. In light of the above, Repondent objects to this request as overly broad, duplicative, unnecessary, and unduly burdensome to Respondent, a non-party to this litigation. *See High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) ("nonparties subject to discovery requests deserve extra

---

[4] "WORKS" is defined as "the musical works listed in Exhibit 1."

572710.1

-3-

PLAINTIFF DFSB KOLLECTIVE CO. LTD'S MOTION TO COMPEL THIRD-PARTY BEATS MUSIC, LLC TO PRODUCE DOCUMENTS IN RESPONSE TO SUBPOENA

production from the courts."). Repondent further objects to this request to the extent that it seeks information not relevant to the claims or defenses of any party to this action, and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Repondent further objects to this request to the extent it calls for the disclosure of information or documents protected by the attorney-client privilege and any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Repondent responds as follows: Repondent has met and conferred with subpoenaing counsel regarding the Subpoena and its requests, and will continue to do so."

**PLAINTIFF'S DOCUMENT REQUEST NO. 2:**

All COMMUNICATIONS with CJ E&M, Inc. (or anyone acting on its behalf) regarding Korean music that includes or relates to any of the WORKS.

**BEATS' RESPONSE TO DOCUMENT REQUEST NO. 2:**

*Same as response to Document Request No. 1*

**PLAINTIFF'S DOCUMENT REQUEST NO. 3:**

All COMMUNICATIONS with CJ E&M America, Inc. (or anyone acting on its behalf) regarding Korean music that includes or relates to any of the WORKS.

**BEATS' RESPONSE TO DOCUMENT REQUEST NO. 3:**

*Same as response to Document Request No. 1*

**PLAINTIFF'S DOCUMENT REQUEST NO. 4:**

All COMMUNICATIONS with MusicNet, Inc. (d/b/a MediaNet Digital, Inc.) (or anyone acting on its behalf) regarding Korean music that includes or relates to any of the WORKS.

**BEATS' RESPONSE TO DOCUMENT REQUEST NO. 4:**

*Same as response to Document Request No. 1*

**PLAINTIFF'S DOCUMENT REQUEST NO. 5:**

DOCUMENTS sufficient to evidence any payments received or made in connection with the WORKS since March 6, 2012.

1 **BEATS' RESPONSE TO DOCUMENT REQUEST NO. 5:**

2 *Same as response to Document Request No. 1*

3 **PLAINTIFF'S DOCUMENT REQUEST NO. 6:**

4 All COMMUNICATIONS with CJ E&M, Inc. (or anyone acting on its behalf)
5 regarding this case.

6 **BEATS' RESPONSE TO DOCUMENT REQUEST NO. 6:**

7 *Same as response to Document Request No. 1*

8 **PLAINTIFF'S DOCUMENT REQUEST NO. 7:**

9 All COMMUNICATIONS with CJ E&M America, Inc. (or anyone acting on
10 its behalf) regarding this case.

11 **BEATS' RESPONSE TO DOCUMENT REQUEST NO. 7:**

12 *Same as response to Document Request No. 1*

13 **PLAINTIFF'S DOCUMENT REQUEST NO. 8:**

14 All COMMUNICATIONS with CJ E&M, Inc. (or anyone acting on its behalf)
15 in which it represented that it was the exclusive distributor or content aggregator or
16 curator or programmer of Korean pop music in the United States.

17 **BEATS' RESPONSE TO DOCUMENT REQUEST NO. 8:**

18 *Same as response to Document Request No. 1*

19 **PLAINTIFF'S DOCUMENT REQUEST NO. 9:**

20 All COMMUNICATIONS with CJ E&M America, Inc. (or anyone acting on
21 its behalf) in which it represented that it was the exclusive distributor or content
22 aggregator or curator or programmer of Korean pop music in the United States.

23 **BEATS' RESPONSE TO DOCUMENT REQUEST NO. 9:**

24 *Same as response to Document Request No. 1*

25 **PLAINTIFF'S DOCUMENT REQUEST NO. 10:**

26 All COMMUNICATIONS with MusicNet, Inc. (d/b/a MediaNet Digital, Inc.)
27 (or anyone acting on its behalf) regarding this case.

28

**BEATS' RESPONSE TO DOCUMENT REQUEST NO. 10:**

*Same as response to Document Request No. 1*

**PLAINTIFF'S DOCUMENT REQUEST NO. 11:**

Digital files that contain recordings of the WORKS.

**BEATS' RESPONSE TO DOCUMENT REQUEST NO. 11:**

*Same as response to Document Request No. 1*

**PLAINTIFF'S DOCUMENT REQUEST NO. 12:**

All DOCUMENTS (including any documents identifying the International Standard Recording Codes, Universal Product Codes or copyright information) and digital files provided by MusicNet, Inc. (d/b/a MediaNet Digital, Inc.), CJ E&M, Inc. or CJ E&M America, Inc. in connection with the WORKS.

**BEATS' RESPONSE TO DOCUMENT REQUEST NO. 12:**

*Same as response to Document Request No. 1*

**PLAINTIFF'S DOCUMENT REQUEST NO. 13:**

All DOCUMENTS relating to trial periods, promotions, or give-aways of the WORKS.

**BEATS' RESPONSE TO DOCUMENT REQUEST NO. 13:**

*Same as response to Document Request No. 1*

**PLAINTIFF'S DOCUMENT REQUEST NO. 14:**

DOCUMENTS sufficient to indicate the number of downloads or streamings of the WORKS since March 6, 2012.

**BEATS' RESPONSE TO DOCUMENT REQUEST NO. 14:**

*Same as response to Document Request No. 1*

IV. **ARGUMENT**

    A. **Beats' Counsel Repeatedly Procrastinated in Complying with the Subpoena.**

The following timeline indicates plaintiff's efforts to obtain compliance with the subpoena and the delay imposed by Beats' counsel:

572710.1
-6-

PLAINTIFF DFSB KOLLECTIVE CO. LTD'S MOTION TO COMPEL THIRD-PARTY BEATS MUSIC, LLC
TO PRODUCE DOCUMENTS IN RESPONSE TO SUBPOENA

- *September 16, 2015*: Subpoena served on Beats, with a reply date of October 5, 2015 (Ex. 2)

- *September 24, 2015*: Telephonic conference between Beats' and plaintiff's counsel. At the request of Beats' counsel: (1) plaintiff's counsel extends the deadline for responding to the subpoena by one week (until October 12, 2015); (2) plaintiff's counsel agrees to postpone any deposition until after the document production on October 12; and (3) plaintiff's counsel agrees to identify those artists on Exhibit 1 (which contains 15 artists) that are most likely to have been distributed on Beats. This agreement is summarized in an email exchange between counsel. (Ex. 1)

- *October 12, 2015*: Beats responds to subpoena with 25 pages of boilerplate objections. (Ex. 3)

- *October 15, 2015*: Beats produces a single page in response to the subpoena. (Ex. 5)

- *October 19, 2015*: Plaintiff's counsel sends meet-and-confer communication. (Ex. 4)

- *October 21, 2015*: The parties engage in a telephonic conference. Beats' counsel agrees to consult with client to determine whether it will produce additional documents. (Gottfried Decl. ¶ 9)

- *October 27, 2015*: Plaintiff's counsel follows up with Beats' counsel, asking whether Beats will produce responsive documents. (Ex. 1) Beats' counsel responds that his "investigation is ongoing" and—despite the document requests in the subpoena—asks plaintiff's counsel to identify "the documents you are seeking." *Id.*

- *November 2, 2015*: Weeks after the deadline for responding to the subpoena, Beats' counsel states that his client will begin to conduct a search for certain categories of document and may produce documents at some, unspecified point. (Ex. 1) There is no explanation as to why Beats waited until several weeks after the extended subpoena deadline in order to begin to search for documents. Plaintiff's counsel asks Beats' counsel to: (1) commit to a deadline by which they will produce responsive documents, and (2) confirm that they are produ-cing documents responsive to all requests in the subpoena. *Id.* Beats' counsel declines to commit to a timeframe for producing documents, declines to confirm that they are responding to all requests in the subpoena (and, again, asks plaintiff's counsel to re-state the document requests in the subpoena), and objects to the subpoena as improper. *Id.*

- *November 4, 2015*: Plaintiff files this motion, three weeks after the extended subpoena deadline and after several weeks of unsuccessful meet and confers.

B. **Beats' Objections Are Meritless.**

Beats asserted identical objections to every document request, none of which has merit.

　　1.　*Beat Incorrectly Objects That It Need Not Produce Responsive Documents Because They Can Be Obtained from a Party.*

For at least three reasons, this objection fails. *First*, several of the requests (*e.g.*, RFP Nos. 1, 4, 10, 11, 12, 13) involve Beats' communications with third parties (*e.g.*, MediaNet) or internal documents. There is no reason to believe that parties to this case possess these documents. *Second*, plaintiff has pursued discovery on defendants regarding their communications with Beats...to little avail. See Ex. 6 at RFP No. 5 ("All COMMUNICATIONS between YOU and Beats Music service (or any affiliate thereof) RELATING to any song recordings listed in Exhibit 1 of the Complaint."); RFP No. 20 ("ALL DOCUMENTS RELATING to any and all contracts, agreements and press releases between defendant CJ E&M, Inc. and the Beats Music service."). Defendants' anemic production raises questions as to its completeness, which plaintiff can only confirm by determining whether Beats possesses additional documents. *Third*, plaintiff should be allowed to obtain discovery on communications between Beats and defendants because Beats may possess relevant documents that defendants no longer possess. For example, prior to this litigation, defendants were not obliged to preserve relevant evidence (including any communications with Beats). Beats cannot avoid complying with the subpoena by claiming that defendant should have preserved evidence that Beats possesses. Nor can Beats refuse to comply with the subpoena by claiming (without the support of any authority) that—in order to obtain responsive documents—plaintiff must first prove that Beats has a document that defendants no longer possess. That makes little sense:

it is uncommon for a party to know about the existence of a document that no one has ever produced.

Beats cites three cases in support of its objection, but none of them is pertinent because: (1) the party had not pursued discovery on the opposing party prior to pursuing discovery on a non-party, and/or (2) the party was pursuing specific documents (*e.g.*, a settlement agreement) whose possession by the opposing party could easily be confirmed. *See Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (upholding denial of defendant's motion to compel discovery from third party of settlement agreement with plaintiff where defendant had not attempted to obtain agreement from plaintiff); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (denying plaintiff's motion to compel certain patent assessments provided by defendants to third parties); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Since plaintiffs have not shown they have attempted to obtain these documents from defendant, the Court finds that, at this time, requiring nonparty KSA to produce these documents is an undue burden on nonparty KSA.").

### 2. *Beats Is Incorrect to Claim that the Subpoena Seeks Irrelevant Documents.*

As detailed below, each of plaintiff's document requests is proportional to the needs of the case and the amount in controversy, appropriate in light of the parties' relative access to information and resources as well as the importance of discovery in resolving the issues. Furthermore, the benefit of the requested discovery outweighs any burdens.

#### a. DOCUMENT REQUEST NO. 1 ("All DOCUMENTS or COMMUNICATIONS relating to the WORKS.")

This case involves defendants' distribution, via Beats (or perhaps via MediaNet, which then provided the data to Beats), of Korean sound recordings to which plaintiff had exclusive distribution rights. (Ex. 7 ¶¶ 2, 27-28) The "works" at

issue consist of specific songs by fifteen Korean artists. (*Id.* at Ex. 1) The statutory damages exceed hundreds of thousands of dollars. Consequently, documents in Beats' possession regarding these Korean songs are relevant to this case. Furthermore, although there are potentially hundreds of songs at issue, there are only fifteen artists. Plaintiff suspects (though is not certain) that Beats only distributes a handful of these artists. It should be easy for a digital music platform such as Beats to quickly ascertain whether they have information regarding these fifteen Korean artists. Beats has not provided any reason why it would be unduly burdensome to produce responsive documents.

   **b. DOCUMENT REQUEST NO. 2 ("All COMMUNICATIONS with CJ E&M, Inc. (or anyone acting on its behalf) regarding Korean music that includes or relates to any of the WORKS.")**

    **&**

   **DOCUMENT REQUEST NO. 3 ("All COMMUNICATIONS with CJ E&M America, Inc. (or anyone acting on its behalf) regarding Korean music that includes or relates to any of the WORKS.")**

For the reasons discussed above, communications with defendants regarding the works at issue are relevant to the issues of copyright infringement and violations of the DMCA. Moreover, plaintiff has sought these documents from defendants, and their anemic production raises questions regarding completeness that can only be confirmed by pursuing discovery from Beats.

   **c. DOCUMENT REQUEST NO. 4 ("All COMMUNICATIONS with MusicNet, Inc. (d/b/a MediaNet Digital, Inc.) (or anyone acting on its behalf regarding Korean Music that includes or relates to any of the WORKS.")**

Plaintiff alleges that, without proper authorization, defendants, via a third party (MediaNet), "distributed to the Beats Music service (a California-based online music

service) these sound recordings," which were then made available to American consumers. (Ex. 7 ¶ 2) Consequently, communications between Beats and third-party MediaNet are relevant to this lawsuit. Furthermore, communications between MediaNet and Beats cannot be obtained from defendants.

    d.    **DOCUMENT REQUEST NO. 5 ("DOCUMENTS sufficient to evidence any payments received or made in connection with the WORKS since March 6, 2012.)**

&

**DOCUMENT REQUEST NO. 13 ("All DOCUMENTS relating to trial periods, promotions, or give-aways of the WORKS.")**

&

**DOCUMENT REQUEST NO. 14 ("DOCUMENTS sufficient to indicate the number of downloads or streamings of the WORKS since March 6, 2012.")**

Revenue obtained from the works at issue (or foregone because of free trials) is relevant to determining what money was diverted from plaintiff by defendants' improper distribution of the works at issue. There is no indication that Beats cannot easily determine revenues, promotions and downloads associated with certain songs from slightly over a dozen Korean artists.

    e.    **DOCUMENT REQUEST NO. 6 ("All COMMUNICATIONS with CJ E&M, Inc. (or anyone acting on its behalf) regarding this case.")**

&

**DOCUMENT REQUEST NO. 7 ("All COMMUNICATIONS with CJ E&M America, Inc. (or anyone acting on its behalf) regarding this case.")**

&

**DOCUMENT REQUEST NO. 10 ("All COMMUNICATIONS with MusicNet, Inc. (d/b/a**

MediaNet Digital, Inc.) (or anyone acting on its behalf) regarding this case.")

Communications regarding this case are obviously relevant to this case.

    f.    DOCUMENT REQUEST NO. 8 ("All COMMUNICATIONS with CJ E&M, Inc. (or anyone acting on its behalf) in which it represented that it was the exclusive distributor or content aggregator or curator or programmer of Korean pop music in the United States.")

&

DOCUMENT REQUEST NO. 9 ("All COMMUNICATIONS with CJ E&M America, Inc. (or anyone acting on its behalf) in which it represented that it was the exclusive distributor or content aggregator or curator or programmer of Korean pop music in the United States.")

Given plaintiff's allegation that it is the exclusive distributor of the works at issue in the United States, defendants' representations to the contrary are relevant to this lawsuit. As noted above, plaintiff has already sought these documents from defendants.

    g.    DOCUMENT REQUEST NO. 11 ("Digital files that contain recordings of the WORKS.")

&

DOCUMENT REQUEST NO. 12 ("All DOCUMENTS (including any documents identifying the International Standard Recording Codes, Universal Product Codes or copyright information) and digital files provided by MusicNet, Inc. (d/b/a MediaNet Digital, Inc.), CJ E&M, Inc. or CJ E&M America, Inc. in connection with the WORKS.")

This case involves copyright management information (e.g., International Standard Recording Codes, Universal Product Codes) that may have been digitally

embedded in music files. (Ex. 7 ¶¶ 16-20) Consequently, these documents are relevant to this case.

## V. CONCLUSION

For the reasons stated above, the Court should compel Beats to produce documents responsive to the subpoena within seven calendar days of the Court's order.

DATED: November 4, 2015

BROWNE GEORGE ROSS LLP
Keith J. Wesley
Andrew A. August
Jonathan L. Gottfried

By    /s/ Jonathan Gottfried
        Jonathan Gottfried
Attorneys for Plaintiff
DFSB Kollective Co. Ltd.

| | |
|---|---|
| 1 | <u>**PROOF OF SERVICE**</u> |
| 2 | STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO |
| 3 | At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 177 Post Street, Suite 700, San Francisco, CA 94108. |
| 5 | On November 4, 2015, I served true copies of the following document(s) described as **PLAINTIFF DFSB KOLLECTIVE CO. LTD'S MOTION TO COMPEL THIRD-PARTY BEATS MUSIC, LLC TO PRODUCE DOCUMENTS IN RESPONSE TO SUBPOENA** on the interested parties in this action as follows: |
| 7 | SEE ATTACHED SERVICE LIST |
| 9 | **BY E-MAIL OR ELECTRONIC TRANSMISSION:** On November 4, 2015 I caused a copy of the document(s) to be sent from e-mail address lpennywell@bgrfirm.com to the persons at the e-mail addresses listed in the Service List. I sent this transmission at _____ a.m./p.m.. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |
| 12 | **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules. |
| 15 | I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. |
| 17 | Executed on November 4, 2015, at San Francisco, California. |
| 19 | /s/ Lorrina I. Pennywell<br>LORRINA I. PENNYWELL |

572874.1

**SERVICE LIST**
**DFSB KOLLECTIVE, CO. LTD., v. CJ E&M, INC., et al.**
**2:15-cv-01650-SVW-FFM**

| | |
|---|---|
| Ekwan E. Rhow<br>Timothy B. Yoo<br>BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C<br>1875 Century Park East, 23rd Floor<br>Los Angeles, California 90067-2561<br>Telephone: (310) 201-2100<br>Facsimile: (310) 201-2110<br>eer@birdmarella.com<br>tbv@birdmarella.com | Attorneys for Defendants CJ E&M, Inc. and CJ E&M America, Inc. |

572874.1