LEWIS & LLEWELLYN LLP
Marc R. Lewis (Bar No. 233306)
Paul T. Llewellyn (Bar No. 216887)
Matthew Dickman (Bar No. 268108)
505 Montgomery St., Suite 1300
San Francisco, California 94111
Telephone:  (415) 800-0590
Facsimile:  (415) 390-2127
Email: mlewis@lewisllewellyn.com
       pllewellyn@lewisllewellyn.com
       mdickman@lewisllewellyn.com

Attorneys for Non-Party
BEATS MUSIC, LLC

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DFSB KOLLECTIVE CO. LTD., a Korean corporation,<br><br>*Plaintiff*,<br><br>vs.<br><br>CJ E&M, INC., a Korean corporation; CJ E&M AMERICA INC., a California corporation<br><br>*Defendants*.<br><br>Case No. 2:15-cv-01650-FFM (C.D. Cal.) | Case No. 5:15-mc-80265-HRL<br><br>**NON-PARTY BEATS MUSIC, LLC'S OPPOSITION TO PLAINTIFF DFSB KOLLECTIVE CO. LTD.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO SUPBOENA**<br><br>*[Filed Concurrently Herewith: Declaration of Marc R. Lewis]*<br><br>Date:  December 29, 2015<br>Time:  10:00 a.m.<br>Judge:  Hon. Howard R. Lloyd |

# TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................................... 1

II. PLAINTIFF'S MOTION PROVIDES AN INCOMPLETE PICTURE OF THE MEET-AND-CONFER HISTORY, AND BEATS AND PLAINTIFF HAVE RESOLVED THE ISSUES IN DISPUTE .................................................................................................. 2

III. THE COURT SHOULD DENY PLAINTIFF'S PREMATURE AND UNNECESSARY MOTION TO COMPEL. ............................................................................................... 5

   A.  THE MOTION VIOLATES LOCAL RULES AND THIS COURT'S STANDING ORDER. ................. 5

      *a.* *Plaintiff Failed To Comply With Central District Civil Local Rule 37 And This Court's Standing Order By Prematurely Terminating The Meet-And-Confer Process.* ...................... 6

      *b.* *Plaintiff's Motion Violates Northern District Civil Local Rule 37-2 Because It Misstates Beats' Objections And Does Not Detail The Proportionality Of The Subpoena's Requests To The Needs Of The Case.* ............................................................................. 8

   B.  BEATS HAS ASSERTED VALID OBJECTIONS TO THE SUBPOENA, WHICH PLAINTIFF'S MOTION CANNOT REBUT. ............................................................................................. 9

      *a.* *The Subpoena Improperly Seeks Documents That Are Available Through Party Discovery.* .......................................................................................................... 10

      *b.* *The Subpoena Is Unreasonably Cumulative, Duplicative, And Overbroad.* ............... 12

IV. CONCLUSION ............................................................................................................ 14

# TABLE OF AUTHORITIES

## CASES

*Century Sur. Co. v. Master Design Drywall, Inc.*, No. 09-CV-0280, 2010 WL 2231890 (S.D. Cal. June 2, 2010) .................................................................................................... 14

*High Tech Medical Instrumentation, Inc. v. New Image Industries, Inc.*, 161 F.R.D. 86 (N.D. Cal. 1995) ............................................................................................................................ 9

*In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-CV-01967 CW NC, 2012 WL 4846522 (N.D. Cal. Aug. 7, 2012) .................................................. 8, 9

*In re Subpoena to Apple Inc.*, No. 3:13-CV-254-MOC-DSC, 2014 WL 2798863 (N.D. Cal. June 19, 2014) ....................................................................................................... 11

*Kim v. NuVasive, Inc.*, No. 11CV1370-DMS NLS, 2011 WL 3844106 (S.D. Cal. Aug. 29, 2011) .................................................................................................................................... 12

*Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792 (9th Cir. 2003) ............................. 13

*Moon v. SCP Pool Corp.*, 232 F.R.D. 633 (C.D. Cal. 2005) .......................................................... 10

*Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575 (N.D. Cal. 2007) .................................... 1, 10

*Rankine v. Roller Bearing Co. of Am.*, No. 12CV2065-IEG BLM, 2013 WL 3992963 (S.D. Cal. Aug. 5, 2013) .................................................................................................... 10

*United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364 (9th Cir. 1982) ....................... 9, 10, 14

## STATUTES

C.D. Cal. R. 37-1 ............................................................................................................................ 6

C.D. Cal. R. 45-1 ............................................................................................................................ 6

Fed. R. Civ. P. 26(b) ................................................................................................................. 1, 12

Fed. R. Civ. P. 45(3)(A) ............................................................................................................... 12

Fed. R. Civ. P. 45(d)(1) ............................................................................................................ 1, 12

N.D. Cal. Civ. R. 37-2 ................................................................................................................ 8, 9

I.     INTRODUCTION

Since DFSB Kollective Co. Ltd. ("Plaintiff") filed this motion to compel non-party Beats Music, LLC ("Beats") to produce documents in response to a subpoena (the "Motion") on November 5, 2015, there have been substantial additional developments that should ultimately moot the Motion.  Specifically, since the Motion was filed, Plaintiff and Beats have continued to meet and confer regarding the subpoena, and have now agreed on the complete parameters of Beats' response.  Beats is actively reviewing the agreed upon universe of documents, and will produce additional responsive documents before the hearing on December 29, 2015.  The agreement reached by Plaintiff and Beats and Beats' corresponding document production should resolve all outstanding issues and moot the Motion.

In the unlikely event that this dispute is not fully resolved before the hearing, Beats submits this opposition to the Motion.  Though Beats has agreed to produce documents responsive to the subpoena in the interest of amicably resolving this dispute without Court intervention and believes that this agreement should ultimately negate the need for a hearing, should this matter come before the Court, Beats objects to the subpoena and the Motion.

As detailed herein, the subpoena violates several basic tenets of non-party discovery. First, numerous of the subpoena's requests improperly demand documents that, by their very nature, are available from the defendants in this case, CJ E&M, Inc. and CJ E&M America, Inc. (collectively, "CJ E&M").  By seeking to compel a non-party to produce documents available through party discovery, the subpoena violates longstanding case law, including this Court's clear ruling that "[t]here is simply no reason to burden nonparties when the documents sought are in possession of the party defendant." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007).  Additionally, the subpoena violates the Federal Rules of Civil Procedure's limitation on unreasonably cumulative, duplicative, and burdensome discovery.  *See* Fed. R. Civ. P. 26(b)(2)(C); 45(d)(1).  For example, through just one of its fourteen overbroad document requests, Plaintiff demands that Beats produce "all documents or communications relating" to a list of over 300 musical works for an undefined time period.

Furthermore, the Motion itself suffers from myriad procedural deficiencies.  First,

Plaintiff failed to comply with several of the mandatory pre-discovery motion meet-and-confer requirements imposed by the Local Rules for the Central District of California (where the underlying litigation is pending) and this Court's Standing Order. Had Plaintiff complied with these requirements and not prematurely terminated the meet-and-confer process, this Motion would have been avoided altogether. Plaintiff should not be rewarded for its disregard of these procedural safeguards. Moreover, Plaintiff's Motion further violates the applicable Local Rules by, among other things, mischaracterizing Beats' objections to the subpoena.

As stated at the outset, Beats and Plaintiff have now reached an agreement on the parameters of Beats' response to the subpoena, and Beats believes this matter should be fully resolved before the scheduled hearing. However, if any issues remain disputed, the Court should deny Plaintiff's Motion.

## II. PLAINTIFF'S MOTION PROVIDES AN INCOMPLETE PICTURE OF THE MEET-AND-CONFER HISTORY, AND BEATS AND PLAINTIFF HAVE RESOLVED THE ISSUES IN DISPUTE

As noted above, since Plaintiff filed this Motion, Beats and Plaintiff have engaged in substantial meet-and-confer correspondence, through which Beats and Plaintiff have agreed on the parameters of Beats' response to the subpoena. *See* Declaration of Marc R. Lewis ("Lewis Decl."), ¶ 11. Understandably, Plaintiff does not address this post-Motion meet-and-confer correspondence in its opening brief. But Plaintiff also mischaracterizes the parties' *pre-Motion* negotiations. Most notably, Plaintiff ignores the fact that, before it filed this Motion, Beats agreed in writing to produce documents responsive to every category of documents requested by Plaintiff. *See id.*, Ex. 2 at p. 2. Indeed, the very basis provided for noticing the Motion—that "Beats continues to refuse to produce responsive documents"—is a clear misrepresentation of Beats' position. Motion at p. 1. Because Plaintiff has cherry-picked certain aspects of the parties' pre-Motion meet-and-confer correspondence in its opening brief, Beats must set the record straight concerning the actual history of the parties' meet-and-confer correspondence.

On September 16, 2015, Plaintiff served the subpoena, which contained a response date of October 5, 2015, on Beats. Lewis Decl., ¶ 3, Ex. 1. On September 23, 2015, Beats' counsel

2

emailed Plaintiff's counsel to arrange a telephonic meet and confer. *Id.* at ¶ 5. The telephone conference occurred on September 24, 2015. Beats' and Plaintiff's counsel discussed the subpoena and the underlying litigation at length. Beats' counsel expressed concern regarding the scope and breadth of the subpoena, which demanded both the deposition of Beats' corporate representative and the production of fourteen categories of documents, compliance with just one category of which would require that Beats produce, over an indefinite time period, "all documents or communications relating to" an appended list of over 300 songs. *Id.* Accordingly, Beats requested, and Plaintiff agreed to, a narrowed initial scope of the subpoena. *Id.* Specifically, Plaintiff and Beats agreed that Beats would first produce a report documenting the number of plays, royalty payments, and provided copyright information for the works at issue. *Id.* Following Beats' production, Plaintiff would then review the provided information and determine whether it believed additional documents were necessary. *Id.* Plaintiff also agreed to extend Beats' deadline to respond and object to the subpoena, and agreed to take the noticed deposition off calendar. *Id.* Following this initial meet and confer, Beats immediately set out to compile the agreed report.

On October 12, 2015, Beats served responses and objections to preserve its position concerning the subpoena. *Id.* at ¶ 6, Ex. 3. In the spirit of ongoing cooperation and consistent with the parties' agreement, Beats confirmed in its responses that it would continue to meet and confer with Plaintiff on all of the subpoena's categories. *See id.* On October 15, 2015, Beats produced the agreed report.[1] *Id.* at ¶ 7.

Following Beats' production, on October 22, 2015, Beats and Plaintiff held another

---

[1] Beats takes exception to Plaintiff's characterization of Beats' document production. Specifically, Plaintiff's Motion states: "October 15, 2015: Beats produces a single page in response to the subpoena." Motion at 7. While this description conveniently serves Plaintiff's narrative that Beats' efforts have been deficient, it paints a misleading picture of Beats' production. The "single page" produced by Beats contains information regarding reported plays, reported payments, content providers, track names, artist names, Universal Product Codes, International Standard Recording Codes, and other information for over forty pieces of content, which was cross-referenced against the entire list of over 300 works in the subpoena to ensure completeness. In other words, Beats' production contains a substantial amount of information, and took a significant amount of time and resources to compile and produce.

3

telephone conference[2] in which Plaintiff informed Beats that it was now requesting the production of additional documents, including communications. *Id.* at ¶ 9. Because Plaintiff was in a more informed position regarding the underlying litigation and to assist in Beats' response to the subpoena, Beats asked Plaintiff for its help in identifying the primary personnel, including from defendant CJ E&M as well as Beats, who may have information relevant to the subpoena. *Id*. Plaintiff agreed to do so. *Id.* On October 27, 2015, Plaintiff informed Beats that it was unable to locate the names of any of the relevant personnel, and asked Beats if it would produce responsive documents. *See id.*, Ex. 2 at p. 3. That same day, Beats responded and requested clarification on the specific categories of documents to which Plaintiff was now requesting production, to which Plaintiff replied as follows:

> Thanks for following up. The documents that we're looking for are those requested in our subpoena, including:
>
> (1) Communications with CJ E&M/CJ E&M America relating to the works or this case
> (2) Communications with CJ E&M/CJ E&M America in which it represented that it was the exclusive distributor or content aggregator or curator or programmer of Korean pop music in the United States.
> (3) Communications with MusicNet, Inc. (d/b/a MediaNet Digital, Inc.) relating to the works or this case
> (4) Documents (including any documents identifying the International Standard Recording Codes, Universal Product Codes or copyright information) and digital files provided by MusicNet, Inc. (d/b/a MediaNet Digital, Inc.), CJ E&M, Inc. or CJ E&M America, Inc. in connection with the works

*Id*.

In the interests of amicably and expeditiously resolving this matter, on November 2, 2015, ***Beats agreed to search for and produce documents responsive to every request outlined in Plaintiff's email***. *Id* at p. 4. Specifically, Beats responded that "Beats will agree to conduct a reasonable search for the four categories of documents outlined in your email below and will

---

[2] To avoid confusion, this is the same telephone conference referenced in Plaintiff's Motion and the accompanying declaration as having occurred on October 21, 2015. This appears to be an oversight in Plaintiff's Motion, as the telephone conference actually occurred on October 22, 2015.

1  produce any non-privileged responsive documents." *Id.* Beats' agreement to search for
2  documents responsive to those requests, coupled with the document production Beats had
3  already made, amounted to a concession by Beats to search for and produce documents
4  responsive to virtually every category in the subpoena.

5  Despite Beats' agreement to produce documents responsive to each of the requests in
6  Plaintiff's email, Plaintiff remained displeased, replying that the stated requests were "not
7  exhaustive" and demanding that Beats produce documents in four days. *Id.* In response, on
8  November 3, 2015, Beats' replied, in part, as follows:

> As described below, Beats is currently searching for responsive documents, and we will work to produce them as soon as possible. As a matter of clarification, the categories of documents outlined in your email below appear to capture the remaining document requests in the subpoena, as Beats has already produced a royalty report documenting the number of streams and payments made for the identified works. If you are also seeking for Beats to produce any other specific category of document not identified in your email below, please advise what it is and we can discuss that request with our client.

*Id.* at p. 1.

Plaintiff never responded to Beats' email, opting instead to prematurely file this Motion just two days later without any additional meet-and-confer efforts.

As detailed above, when Plaintiff moved on November 5, 2015, the parties were not at an impasse. This has been confirmed in the period since the Motion was filed, as Beats and Plaintiff have continued to engage in meet-and-confer efforts and have now reached a complete agreement regarding the parameters of Beats' response to the subpoena. *Id.* at ¶ 11. Beats is actively reviewing the agreed upon universe of documents, and will produce responsive documents before this Motion is heard. *Id.* Beats believes that the production of those documents will moot the Motion. *Id.* at ¶ 12.

### III. THE COURT SHOULD DENY PLAINTIFF'S PREMATURE AND UNNECESSARY MOTION TO COMPEL.

#### A. The Motion Violates Local Rules And This Court's Standing Order.

As this Court notes, the parties to a discovery dispute have an obligation to "diligently strive to resolve such disputes without court involvement" and there are very real "limitations on

available judicial resources." *See* Standing Order Regarding Civil Discovery Disputes, Judge Howard R. Lloyd. In furtherance of these principles, both the Local Rules for the Central District of California (where the underlying litigation is pending), the Local Rules for the Northern District of California, and this Court's Standing Order all require that a party seeking to compel discovery follow specific meet-and-confer procedures before filing such a motion and impose requirements on the form that such a motion may take. Here, despite acknowledging that these rules and procedures are operative, Plaintiff has brazenly disregarded them.

### a. *Plaintiff Failed To Comply With Central District Civil Local Rule 37 And This Court's Standing Order By Prematurely Terminating The Meet-And-Confer Process.*

The Local Rules for the Central District of California[3] contain specific procedures that the moving party must follow before filing a discovery motion, and the failure to comply with those procedures subjects counsel to sanctions. Specifically, Local Rule 37 states:

> Prior to the filing of any motion relating to discovery … counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It shall be the responsibility of counsel for the moving party to arrange for this conference … Unless relieved by written order of the Court upon good cause shown, counsel for the opposing party shall confer with counsel for the moving party within ten (10) days after the moving party serves a letter requesting such conference. ***The moving party's letter shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought*** … ***The failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions.***

L.R. 37-1 and 37-4 (emphasis added); *see also* L.R. 45-1 (applying L.R. 37 to motions relating to subpoenas).

Plaintiff has categorically failed to comply with this Rule. Though Plaintiff sent a letter to Beats on October 19, 2015 acknowledging that Local Rule 37 was operative and stating that "Local Rule 37-1 requires that the parties and/or their counsel have a meeting within ten days of

---

[3] The litigation underlying the subpoena to Beats is proceeding in the Central District of California, Case No. 2:15-cv-01650-FFM.

the date of this letter," neither that letter, nor any other correspondence from Plaintiff has attempted to comply with the Rule's remaining requirements, which include identifying each discovery request in dispute, providing Plaintiff's position with respect to each request (including any applicable legal authority), and detailing the terms of the discovery order sought. *See* Lewis Decl., ¶ 8, Ex. 4.  Had Plaintiff complied with these requirements, Plaintiff and Beats would have been able to resolve all outstanding issues, negating the need for this Motion.

Similar to the Local Rules for the Central District, this Court's Standing Order Regarding Civil Discovery Disputes also requires that the parties follow certain procedures before bringing discovery disputes before the Court.  Specifically, the Standing Order requires that "LEAD COUNSEL … shall meet IN PERSON for as long and as often as is needed to reach full agreement." (Emphasis in original).  As with the Central District Local Rules discussed above, Plaintiff appears to have been aware of—but consciously ignored—this requirement. Specifically, one week *after* filing the Motion, Plaintiff's counsel emailed Beats stating "Judge Lloyd's standing order requires an in-person meeting between counsel and recommends a point half-way between counsels' offices." Lewis Decl., ¶ 10, Ex. 5. Of course, the Standing Order, which is designed to further "parties' and counsel's obligation to diligently strive to resolve [discovery] disputes without court involvement", requires such a conference ***before*** discovery disputes are brought to the Court, not after the filing of a motion to compel.[4]

In short, Plaintiff filed this Motion prematurely.  It sought court intervention ***before*** allowing the meet-and-confer process to run its course and failed to comply with the requisite pre-filing procedures mandated by both this Court and the court in which the underlying litigation is pending.  In doing so, Plaintiff violated the Central District Local Rules and this Court's Standing Order, and the Motion is both premature and improper.  *See also In re NCAA*

---

[4] Despite the fact that Plaintiff first proposed this in-person conference after filing the Motion, Beats welcomed the opportunity to continue meet-and-confer efforts to resolve the dispute without further court involvement.  Though Beats and Plaintiff made arrangements for an in-person conference in Coalinga, California, ultimately, Beats and Plaintiff were able to reach an agreement on all issues in dispute and the parameters of Beats' response to the subpoena before the scheduled conference, negating the need for the meeting.  *See* Lewis Decl., ¶ 11.

*Student-Athlete Name & Likeness Licensing Litig.*, No. 09-CV-01967 CW NC, 2012 WL 4846522, at *1 (N.D. Cal. Aug. 7, 2012) (imposing sanctions against plaintiffs who moved to compel responses to a non-party subpoena in part because "plaintiffs' counsel did not take reasonable steps at compromise and ended the meet-and-confer process prematurely before filing the motions to compel.").

> **b.** **Plaintiff's Motion Violates Northern District Civil Local Rule 37-2 Because It Misstates Beats' Objections And Does Not Detail The Proportionality Of The Subpoena's Requests To The Needs Of The Case.**

In addition to failing to comply with the pertinent pre-filing meet-and-confer requirements, Plaintiff has also failed to comply with Northern District Civil Local Rule 37-2. That Rule requires that "a motion to compel further responses to discovery requests must set forth each request in full, followed immediately by the objections and/or responses thereto." Here, however, whether inadvertently or intentionally, ***the Motion violates this Rule by misrepresenting Beats' objections to virtually every one of the subpoena's requests***.

As required by the Rule, Plaintiff's Motion restates in full Beats' objection and response to the subpoena's first document request. For each of the remaining thirteen requests, however, Plaintiff represents to the Court that Beats' response is the "[s]ame as response to Document Request No. 1." *See* Motion at pp. 3-6. This is simply wrong. In reality, ***none*** of Beats' responses to the other requests are the same as its response to Document Request No. 1. *See* Lewis Decl., Ex. 3. In other words, for thirteen of the subpoena's fourteen requests, the Motion misrepresents Beats' position. Rather than the "boilerplate" tag Plaintiff attempts to attribute to Beats' objections, Beats' response to each request in the subpoena is tailored to the specific request. For example, Beats objected to certain requests on the grounds that the requested documents are available through party discovery (*see* Beats' response to Document Request Nos. 2, 3, 6, 7, 8, 9, and 12) and other requests on the basis of overbreadth and vagueness (*See* Beats' response to Documents Request Nos. 4 and 10). At best, it appears that Plaintiff has not even reviewed the very objections it now seeks to invalidate.

The Motion further violates Local Rule 37-2 by ignoring the Rule's requirement that "the moving papers must detail [for each discovery request] the basis for the party's contention that it

is entitled to the requested discovery and must show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied." Plaintiff haphazardly attempts to fulfill this requirement through a single blanket statement that "each of plaintiff's document requests is proportional to the needs of the case and the amount in controversy, appropriate in light of the parties' relative access to information and resources as well as the importance in resolving the issues." Motion at p. 9. However, the Rule specifically mandates that "for each request," the moving party "must show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied," and Plaintiff has not provided this proportionality assessment for any of the subpoena's individual requests. The need for such a proportionality analysis is particularly pertinent here, where the requests were served on a non-party to the litigation and demand, among other things, "all documents and communications relating" to a list of over 300 works over an undefined time period. *See United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371 (9th Cir. 1982) ("Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party.").

As discussed above, Beats and Plaintiff have now agreed on the scope of Beats' response to the subpoena, and Beats believes that the Motion will be mooted well in advance of the hearing. However, should this Motion ultimately come before the Court, the Court should deny the Motion for Plaintiff's failure to comply with Northern District Civil Local Rule 37-2.

### B. Beats Has Asserted Valid Objections To The Subpoena, Which Plaintiff's Motion Cannot Rebut.

"[T]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra production from the courts." *High Tech Medical Instrumentation, Inc. v. New Image Industries, Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995). Indeed, this Court has explicitly held that "Rule 45 imposes a mandatory responsibility on this court to protect nonparties from unduly burdensome discovery." *In re NCAA*, 2012 WL 4846522, at *2. Further, because "[n]onparty witnesses are powerless to control the scope of litigation and discovery, [they] should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a

party." *Columbia Broad. Sys.*, 666 F.2d at 371.  Ultimately, "where discovery is requested from non-parties, more stringent restrictions should be enforced." *Rankine v. Roller Bearing Co. of Am.*, No. 12CV2065-IEG BLM, 2013 WL 3992963, at *3 (S.D. Cal. Aug. 5, 2013).

In light of the clear case law insulating non-parties from the burdens of discovery and the subpoena's broad and otherwise objectionable requests, Beats—while simultaneously agreeing to produce certain responsive documents and to further meet and confer with respect to every request—asserted objections to the subpoena, citing extensive case law to support its position.  Should this Motion ultimately come to a hearing before the Court, the Court should uphold Beats' objections, as further outlined below, and deny the Motion.

### a. The Subpoena Improperly Seeks Documents That Are Available Through Party Discovery.

Numerous of the subpoena's requests demand documents that are available through party discovery.  For example, several of the subpoena's requests demand "all [Beats'] communications with CJ E&M, Inc." or "CJ E&M America, Inc." related to the specified category of documents.  Of course, both CJ E&M, Inc. and CJ E&M America, Inc. are defendants to this litigation, and any communications between CJ E&M and Beats, would, by their very nature, be available through party discovery.  The relevant case law, which Beats cites extensively in its objections to the subpoena, is clear: "***There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant***."  *Nidec Corp.*, 249 F.R.D. at 577 (emphasis added); *see also Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005).

In an attempt to rebut Beats' objection to Plaintiff's improper efforts to obtain party discovery from a non-party, the Motion, in conclusory fashion, states only that the case law cited by Beats is not "pertinent" to this matter without providing any case law to the contrary.[5]  *See*

---

[5]   Indeed, Plaintiff's Motion cites no case law to support any of the positions it takes.  Rather, the only case law cited in the Motion is the case law contained in Beats' objections and responses to the subpoena.

Motion at 9.  The reason Plaintiff does not cite any case law to support its position is that there is none; indeed, this Court has explicitly held that the type of documents sought by this subpoena are improper.  For example, in *In re Subpoena to Apple Inc.*, No. 3:13-CV-254-MOC-DSC, 2014 WL 2798863 (N.D. Cal. June 19, 2014), plaintiff Celgard LLC ("Celgard") subpoenaed Apple Inc. ("Apple") for communications between defendant SK Innovation Co. Ltd. ("SKI") and Apple regarding the subject matter of the underlying litigation.  The Honorable Paul S. Grewal held as follows:

> It is uncontested that Celgard's remaining requests encompass a set of communications that took place between Apple and SKI.  ***Without considering whether these communications are sufficiently relevant and necessary, the burden on Apple is unwarranted because the documents requested are also in the possession of SKI, the defendant in the underlying case***.  ***There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant.***  Furthermore, Celgard has served SKI with discovery in the underlying litigation, including document requests and deposition notices, that it contends include within their subject matter the same communications sought here.  With this discovery served, Celgard has not provided any reason why it cannot obtain the requested information from SKI instead of Apple.

*See id.* at *3 (emphasis added) (citations and quotations omitted).

The facts of this case are indistinguishable.  As in *In re Subpoena to Apple Inc.*, Plaintiff has demanded that the subpoenaed entity (here, Beats) produce communications it had with the defendants (here, CJ E&M), even though the documents would also be in the possession of defendants.  Further, and also as in *In re Subpoena to Apple Inc.,* Plaintiff's Motion concedes that it has already requested duplicative discovery from defendants.  *See* Motion at p. 1 ("for those documents that defendants may possess, plaintiff has already requested those documents from defendants[.]").  As such, "[t]here is simply no reason to burden [the] nonpart[y] when the documents sought are in possession of the party defendant." *Id.*

Conceding that the requested documents are available through party discovery, Plaintiff attempts to distract the Court by contending that Beats should be forced to produce the documents because defendants' production (which Beats understands remains ongoing and is not yet complete) has been "anemic."  However, this issue must be raised between the parties to litigation, and is not a reason to shift the burden of discovery to a non-party.  Indeed, this circuit

has made precisely that holding. In *Kim v. NuVasive, Inc.*, No. 11CV1370-DMS NLS, 2011 WL 3844106 (S.D. Cal. Aug. 29, 2011), plaintiff NuVasive, Inc. ("NuVasive") sued its competitor Globus Medical, Inc. ("Globus") for patent infringement and served a subpoena for deposition and documents on non-party Dr. Choll W. Kim ("Kim"). Kim moved to quash the subpoena, in part because the subpoena sought the production of communications between Kim and defendant Globus, documents that would be available through party discovery. *Id.* at *3. In opposing the motion to quash, NuVasive argued that Kim was obligated to produce such documents, because while it had requested the documents from defendant, defendant had not yet produced them. *Id.* at *4. In granting Kim's motion to quash, the court held as follows:

> [NuVasive's concern with respect to Globus' failure to produce the documents sought in the supboena] appears to be more appropriately a subject for a motion to compel rather than justification for the issuance of subpoenas that shift the burden of production from a party to a nonparty … This circuit does not favor unnecessarily burdening nonparties with discovery requests. The Court is not inclined to burden Kim with discovery that may be substantially produced by Globus … Until such time as NuVasive can satisfy the Court that the subpoenas served on Kim target relevant information that it cannot obtain from Globus, the subpoenas should be quashed.

*Id.*

In short, there can be no question that the applicable case law prevents Plaintiff from seeking documents from non-party Beats that are available through party discovery, and the Court should deny Plaintiff's Motion, which improperly seeks to shift the burden of discovery in the underlying litigation onto a non-party.

### b. The Subpoena Is Unreasonably Cumulative, Duplicative, And Overbroad.

Pursuant to the Federal Rules of Civil Procedure, "the court must limit the frequency or extent of discovery … [that] is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Further, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena," and the court must "quash or modify a subpoena that … subjects a person to undue burden." *Id.* at Rule 45(d)(1); 45(3)(A)(iv). Courts have further held that in "striking [the]

balance between disclosure and non-disclosure," the fact of whether the information is being sought from "a party [or a nonparty] and whether the information sought is available from other sources are two considerations that factor into a Court's balance inquiry." *Kim*, 2011 WL 3844106 at * 4; *see also also Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 813 (9th Cir. 2003).

Not only, as detailed above, are most of the subpoena's requests improperly cumulative and duplicative of discovery already sought by Plaintiff from defendants, but the subpoena's requests are also duplicative of each other, overbroad, and unduly burdensome.  For example, the first of the subpoena's fourteen document requests demands "All DOCUMENTS and COMMUNICATIONS relating to the WORKS."  Lewis Decl., Ex. 1.  When read in conjunction with the subpoena's definitions, this single request demands, among other things, "all writings, recordings, photographs, … drawings, graphs, charts, e-mail, computer records, computer disks, hard drives, electronic or computerized data compilations … written correspondence, letters, telegrams, agreements, text messages, app messages, contracts, notes, memoranda, instructions, reports, financial statements, demands, data, schedules, notices, work papers, drafts, recordings (whether by electronic or others means), videotapes, analyses, interoffice or intercompany communications, notebooks, diaries, daily logs, appointment calendars, [etc.]" in any way relating to a list of over 300 musical works.  *See id.*  This version of the request (which, remarkably, is actually an abbreviated version of what the request demands) captures the subpoena's overbreadth.

The breadth and burden of this single request, let alone the subpoena as a whole, is further crystallized when one considers that (1) virtually any relevant "documents or communications" sought through this request—with the possible exception of the report Beats has already produced to Plaintiff—should be available through party discovery; (2) Beats is a non-party that is "powerless to control the scope of litigation and discovery" and "should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party;" (3) the request is unreasonably and unnecessarily cumulative and duplicative of the subpoena's other requests, many of which also demand "documents" or "communications"

13

relating to the over 300 works at issue; and (4) the subpoena does not specify any time period within which its requests are restricted, which alone renders the subpoena overbroad and burdensome. *See Century Sur. Co. v. Master Design Drywall, Inc.*, No. 09CV0280, 2010 WL 2231890, at *2 (S.D. Cal. June 2, 2010) (holding that "the scope of [the subpoena's] requests [are] overbroad and burdensome on their face" because they sought documents relating to an overbroad time period); *see also Columbia Broad. Sys.*, 666 F.2d at 371.

Simply put, the remarkable overbreadth of the subpoena is evident from analyzing just one of the subpoena's fourteen requests, and the subpoena runs afoul of the Federal Rules of Civil Procedure's limitation on unreasonably cumulative, duplicative, and burdensome discovery. As such, the Court should deny Plaintiff's Motion.

## IV. CONCLUSION

Beats and Plaintiff have agreed on the parameters of Beats' response to the subpoena, and Beats is actively reviewing the agreed upon universe of documents. Beats intends to produce any responsive documents it locates well in advance of the December 29, 2015 hearing on this Motion, and Beats' production should resolve all outstanding issues and moot the Motion.

However, in the unlikely event that there remain issues in dispute at the time of the hearing, the Court should deny Plaintiff's Motion. Plaintiff did not follow, as dictated by the Central District Local Rules and this Court's Standing Order, the mandatory pre-filing meet-and-confer procedures. Had Plaintiff followed those procedures, it is likely that this Motion would never have needed to be filed, and Plaintiff's disregard for the applicable local rules should not be rewarded. Moreover, even were Plaintiff's Motion not procedurally deficient, the subpoena it seeks to enforce violates the basic tenets of non-party discovery, improperly seeking to shift the burden of discovery to a non-party and containing requests that are unreasonably duplicative, cumulative, and overbroad. Plaintiff's Motion should thus be denied.

/ / /
/ / /
/ / /
/ / /

Dated:  December 1, 2015               LEWIS & LLEWELLYN LLP
                                       Paul T. Llewellyn
                                       Marc R. Lewis
                                       Matthew Dickman


                                 By:   /s/ Marc R. Lewis
                                       Marc R. Lewis
                                       Attorneys for Beats Music, LLC

## **CERTIFICATION OF SERVICE**

The undersigned hereby certifies that on the 1st day of December, 2015, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

By: /s/ Matthew Dickman
Matthew Dickman

LEWIS & LLEWELLYN LLP
ATTORNEYS AT LAW
SAN FRANCISCO